IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Faye Parks,<br><br>        Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>        Respondents. | No. CV-13-8108-PCT-GMS (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

      Edward Faye Parks filed a Petition for Writ of Habeas Corpus on May 2, 2013, and an Amended Petition on September 12, 2013, challenging his convictions in Mohave County Superior Court for two counts of aggravated assault and one count of disorderly conduct with a weapon. The trial court sentenced him to concurrent sentences, the longest of which is 15.75 years. His convictions and sentences were affirmed on appeal in a memorandum decision dated April 23, 2013. *See* Doc. 9 at 4-11. On May 20, 2014, Respondents notified the Court that Parks filed a notice of post-conviction relief in state court on May 3, 2013, and appointed counsel subsequently filed a petition for post-conviction relief on April 7, 2014. *See* Doc. 18. Respondents request an extension of time-40 days after Parks alerts the Court of the final disposition of his case in state court-to file an answer to his Amended Petition. For the reasons stated below, the Court recommends that the Amended Petition be dismissed without prejudice, to allow Parks to refile his federal petition upon completion of state court post-conviction proceedings.

Respondents' Motion for Extension of Time to File an Answer will be denied.

A Federal District Court is not authorized to grant a writ of habeas corpus sought by someone in custody pursuant to a judgment of a state court "unless it appears that that the applicant has exhausted the remedies available in the court of the State." *See* 28 U.S.C. § 2254(b)(1)(A). If an appeal or collateral-review proceeding is pending in state court, a petitioner has not exhausted his remedies until the completion of those proceedings. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). Because Parks' initial post-conviction proceedings are still pending in Mohave County Superior Court, his habeas petition is premature and should be dismissed. The Court recommends a dismissal without prejudice, so as not to preclude Parks from refiling his federal petition upon exhaustion of post-conviction proceedings in state court.

**IT IS ORDERED** denying Respondents' Second Motion for Extension of Time to File Answer (Doc. 18).

**IT IS RECOMMENDED** that Edward Faye Parks' Amended Petition be dismissed without prejudice (Doc. 8).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without

further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 26th day of June, 2014.

_____
David K. Duncan
United States Magistrate Judge